AKRON BAR ASSOCIATION *v.* THORPE.

[Cite as Akron Bar Assn. *v.* Thorpe (1986), 23 Ohio St. 3d 210.]

(D.D. No. 85-44—Decided April 30, 1986.)

*Roetzel & Andress, George A. Clark; Amer, Cunningham & Brennan Co., L.P.A.,* and *Joseph F. Cook,* for relator.

*Per Curiam.* We have carefully considered the board's report and concur with the findings and conclusions of the board.

It is clear that respondent neglected his representation of Fortney in the divorce complaint filed against her by her former husband. Respondent thus violated DR 6-101(A)(3).

Further, the board's findings of fact demonstrate that respondent's conduct resulted in the loss by Fortney of any rights she may have had in the marital property she jointly owned with her former husband. Respondent thus violated DR 1-102(A)(4), (5) and (6) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law.

Additionally, respondent did not timely register as a practicing attorney with the Clerk of the Supreme Court as required by Gov. Bar R. VI(1) and is thereby subject to discipline pursuant to Gov. Bar R. VI(6) and V.

We agree with the recommendation of the board that respondent be indefinitely suspended from the practice of law. Respondent's failure to cooperate in the investigation of this matter and his failure to appear at

any stage of these proceedings make this an appropriate sanction. See *Clermont Cty. Bar Assn.* v. *Meeker* (1984), 14 Ohio St. 3d 21, 23.

Accordingly, we adopt the findings, conclusions and recommendation of the board and hereby suspend respondent from the practice of law for an indefinite period.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.